**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 20-mj-2290-TJS** |
| **v.** | * | |
| | * | |
| | * | |
| **DEVIN B. DORSEY** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | ************ | |

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter is before the Court on the defendant's Emergency Motion to Reopen the Detention Determination and Order Pretrial Release (the "Motion") (ECF No. 23) and the government's Second Opposition to Motion to Reopen Detention Hearing (ECF No. 25). The issues have been fully briefed, and no hearing is necessary. L.R. 105.6, 207. For the reasons stated below, the Motion is **DENIED.**

The defendant is charged in a superseding criminal complaint with assault by striking, in violation of 18 U.S.C. § 113(a)(4), and depredation against government property, in violation of 18 U.S.C. § 1361 (ECF No. 12). The defendant appeared for an arraignment on November 9, 2020, at which his continued detention was ordered.[1] On December 11, 2020, the defendant entered a plea of guilty to the charge of assault by striking, and sentencing was scheduled for February 9, 2021. On December 18, 2020, this Court ordered that the defendant be detained

---

[1] The defendant was ordered detained by U.S. Magistrate Judge Timothy J. Sullivan on September 11, 2020. *See* Order of Detention Pending Trial (ECF No. 4). A subsequent motion to reopen the detention hearing was denied by Judge Sullivan on October 26, 2020. *See* Order (ECF No. 10)

pending the sentencing. *See* Order of Detention (ECF No. 21). The defendant filed the Motion

on January 16, 2021.

<u>18 U.S.C. § 3143</u>

The release or detention of a defendant pending sentencing is governed by 18 U.S.C

§ 3143(a), which provides in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
>> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(1) and (2).

Thus, the issue before the Court is not the defendant's pretrial release, but his release

pending sentencing after he has been found guilty of an offense. As such, there is a presumption

of detention, and the defendant must be detained unless the Court finds by clear and convincing

evidence that the defendant is not likely to flee or pose a danger to the safety of any other person

or the community if released under 18 U.S.C. § 3142(b) or (c). As noted above, two judges of

this Court have found by clear and convincing evidence that no condition or combination of

conditions of release will reasonably assure the safety of the community if the defendant is released. *See* ECF Nos. 4 and 21.

The defendant now asserts that new information has come to light that weighs in favor of his release pending sentencing. Specifically, the defendant asserts that on January 14, 2021, he tested positive for COVID-19 and has been transferred to a health facility. He notes that he is diabetic and that this puts him at a higher risk of severe illness if he contracts COVID-19. He also cites an increase in the number of COVID-19-positive cases at the Chesapeake Detention Facility ("CDF"), where he is detained. *See* Motion (ECF No. 23 ¶¶ 5-7). The defendant boldly asserts: "The fact that Mr. Dorsey has been infected demonstrates the failure of the CDF to address the threat the virus poses to men and women being held its facility. There is no basis to believe that CDF can now be trusted to keep Mr. Dorsey safe and healthy." Motion (ECF No. 23 ¶ 8).

After considering this new information, the Court is unable to find by clear and convincing evidence that the defendant would not pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c). First, the Court notes that Judge Sullivan was aware of the defendant's diabetes in the context of the COVID-19 pandemic when he denied the defendant's prior motion to reopen the detention hearing. *See* Order (ECF No. 10). Therefore, the only new information now offered by the defendant is his positive test and the recent increase in the number of positive cases at CDF. Second, the Court rejects the argument that CDF has failed to address the threat of the virus to its detainees simply because the defendant tested positive. Significantly, the defendant does not cite any specific failures of CDF to protect the defendant or its other detainees. Further, the defendant does not allege that he was

not given appropriate treatment and care after he tested positive.  He was, in fact, moved to a health care facility.

Finally, the new information offered by the defendant in support of the Motion does not mitigate the danger he poses if released to the degree that the Court would now find that there are conditions of release that would assure the safety of the community.  Simply stated, the fact that the defendant tested positive for COVID-19, that he suffers from diabetes, and that there has been an increase in the number of positive cases at CDF does not make him a less dangerous person if released to the extent that the danger could be mitigated either by the conditions of release suggested by the defendant or by any other conditions. The Court finds the following comments by United States District Judge Stephanie A. Gallagher in a recent case particularly instructive:

> Congress carefully prescribed the factors that a court should consider in weighing whether a particular defendant should be detained or released before trial.  *See generally* 18 U.S.C. § 3142(g).  None of those factors refers specifically to the health of the defendant, or to whether the conditions of incarceration threaten the defendant's well-being.  Instead, Congress focused the required inquiry on the defendant's risk of nonappearance, and the danger that the defendant's release would pose to other individuals.  In some circumstances, clearly, a particular defendant's medical condition could reduce that defendant's risk of flight or danger to the community, and the health condition would therefore fall within the factors appropriately considered in the context of § 3142(g).  Absent those circumstances, however, a particular defendant's health conditions, and the possible risks posed to the defendant by incarceration, do not affect the § 3142(f) and (g) analysis.  *See, e.g.*, *United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) ("A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis, which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community.  The risk of harm *to the defendant* does not usually bear on this analysis."); *United States v. Lawton*, Crim. No. CR419-102, 2020 WL 1984897, at *1 (S.D. Ga. April 27, 2020) (same); *United States v. Whyte*, Crim. No. 3:19-cr-64-1 (VLB), 2020 WL 1911187, at *4 (D. Conn. April 8, 2020) (analyzing medical conditions under § 3142(i)); *United States v. Aguirre-Maldonado*, Crim. No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *1 (D. Minn. April 9, 2020) ("While the Court appreciates the unprecedented nature of the COVID-19 pandemic, Defendant has offered no reason why the pandemic would reduce his risk of nonappearance or the risk that he poses to the community.");

*United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049 (D.D.C. March 30, 2020) ("[T]he relevant statutory inquiry [under § 3142(g)] is *not* the benefits that a defendant's release would bring about (however significant) or the harms that his incarceration would cause (however substantial).  Rather, the statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release*.") (emphasis in original).

*United States v. Gallagher*, Criminal No. SAG-19-0479, 2020 WL 2614819, at *3 (D. Md. May 22, 2020) (alteration in original).

The Court thus finds that the defendant has failed to rebut the presumption of detention and has failed to establish by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released under § 3142(b) or (c).

## **ORDER**

Accordingly, it is this 4th day of February, 2021, hereby **ORDERED** that the defendant's Emergency Motion to Reopen the Detention Determination and Order Pretrial Release (ECF No. 23) is **DENIED**.

_____/s/_____

Thomas M. DiGirolamo
United States Magistrate Judge
